UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

|  |  |
|---|---|
| VERONICA N. VILLA AVALOS, GERARDO CASTELLANOS GARCIA, LAURA R. CASTELLANOS GARCIA, And JHONATA G. RODRIGUEZ MORALES,<br><br>    Plaintiffs,<br><br>v.<br><br>LANDA INVESTMENTS, LLC., and JOSE LANDA,<br><br>    Defendants. | Case No.: _____ |

**COMPLAINT FOR DAMAGES, COSTS OF
<u>LITIGATION AND ATTORNEY'S FEES</u>**

**INTRODUCTION**

1. This is an action by four (4) migrant farmworkers that were employed on the South Carolina northwest operations of Landa Investments, LLC during the 2016 and 2017 blackberry harvesting seasons. Plaintiffs bring this action against Landa Investments and its principal to secure and vindicate rights afforded them under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the South Carolina Wage Payment Act, S.C. Code §41-10-10, *et seq.*, federal regulations governing the temporary agricultural worker program, 20 C.F.R. §§ 655.100, *et seq.*, and for Defendants' breach of their contractual obligations.

1

2. The contractual breaches include failure to pay wages and provide transportation benefits as promised in Defendant Landa Investment's contracts and as required by federal regulations governing the H-2A agricultural guestworker program.

3. Plaintiffs seek to recover their wages, actual, liquidated, consequential and compensatory damages, and pre- and post-judgment interests. Plaintiffs also seek a reasonable attorney's fee pursuant to 29 U.S.C. § 216 (b) and S.C. Code § 41-10-80(C).

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce), 29 U.S.C. § 216 (b) (FLSA), and 28 U.S.C. § 1367 (Supplemental Jurisdiction). This Court has supplemental jurisdiction over the claims arising under state and common law because these claims are so related to the federal claims that they form part of the same case and controversy.

5. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), because Defendants Landa Investments and Jose Landa are residents of this district and the cause of action arose in this district.

## PARTIES

7. Defendant Landa Investments, LLC is a South Carolina limited liability corporation headquartered in Enoree. At all times relevant to this action, Defendant Landa Investments employed Plaintiffs and their other co-workers within the meaning of the FLSA, 29 U.S.C. § 203(d). At all times relevant to this action, Defendant Landa Investments was an employer of Plaintiffs and their co-workers within the meaning of 20 C.F.R. § 655.103(b).

8. Defendant Jose Landa is a resident of Enoree, South Carolina. Jose Landa is the owner of Defendant Landa Investments, LLC. Defendant Jose Landa exercised operational and pervasive control over the day-to-day operations of Landa Investments, LLC. Among other things, Jose Landa established the hours of work, the wage rates to be paid and the tasks to be assigned Plaintiffs and the other workers hired by Landa Investments, LLC. At all times relevant to this action, Defendant Jose Landa was an employer of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d). At all times relevant to this action, Defendant Jose Landa was an employer or joint employer of the Plaintiffs and their co-workers within the meaning of 20 C.F.R. § 655.103(b).

9. Defendants Landa Investments and Jose Landa employed Plaintiffs and other agricultural guestworkers during the 2016 and 2017 blackberry harvests to pick and field pack blackberries in northwest South Carolina for sale in interstate commerce.

10. Plaintiffs Veronica N. Villa Avalos, Gerardo Castellanos Garcia, Laura R. Castellanos Garcia, and Jhonata G. Rodriguez Morales are citizens of Mexico who maintain their permanent homes in the state of Jalisco.

11. Each of the Plaintiffs was admitted to the United States on a temporary work visa pursuant to 8 U.S.C. §1101(a)(15)(ii)(a) to handpick and field pack blackberries for Defendant Landa Investments in northwest South Carolina. At all times relevant to this action, Plaintiffs were engaged in commerce in the production of goods for commerce and/or were employed in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

# STATEMENT OF FACTS

## H-2A PROGRAM BACKGROUND

12. An agricultural employer may import aliens to perform labor of a temporary nature if the U.S. Department of Labor ("DOL") certifies that there are insufficient available workers within the U.S. to perform the work and the employment of the aliens will not adversely affect the wages and working conditions of similarly-situated U.S. workers. 8 U.S.C. §§ 1101(a)(15(H)(ii)(a) and 1188 (a)(1). Aliens admitted under this provision of the Immigration and Nationality Act ("INA") are commonly referred to as "H-2A workers."

13. Agricultural employers seeking the admission of H-2A agricultural guest workers must first file a temporary labor certification application with the U.S. DOL. 20 C.F.R. §655.130. This application must include a job offer, commonly referred to as a "clearance order," complying with applicable federal regulations that establish the minimum benefits, wages, and working conditions that must be offered by the petitioning employer in order to avoid adversely affecting similarly-situated U.S. workers. 20 C.F.R. §§ 655.120, 655.122 and 655.135. Among these terms are the following:

   (a) The employer will pay all workers at least the applicable adverse effect wage rate (AEWR) for every hour or portion thereof worked during a pay period. 20 C.F.R. § 655.122(l). The South Carolina AEWRs for 2016 and 2017 are $10.59 and $10.62 per hour, respectively;

   (b) The employer will keep accurate and adequate records with respect to the worker's earnings, including but not limited to, field tally records, supporting summary payroll records, records showing the nature and amount of the work performed, and deductions from wages. 20 C.F.R. §655.122(j);

(c) The employer will furnish workers each payday, hours and earnings statements containing, *inter alia,* the hours actually worked by the employee during that pay period. 20 C.F.R. §655.122(k);

(d) The employer will abide by the requirements of 20 C.F.R. §653.501, including the requirements of 20 C.F.R. §653.501(d)(4) (2016) and 20 C.F.R. §653.501(c)(3)(iii) (2017), mandating compliance with state minimum wage laws;

(e) The employer must provide housing free of charge to the workers. 20 C.F.R. §655.122(d)(1). Employer provided housing must meet applicable federal standards. 20 C.F.R. §655.122(d)(1)(i);

(f) The employer will not charge the worker in the form of deposits for bedding or other similar incidentals related to housing. 29 C.F.R. §655.122(d)(3); and

(g) For employees who completed the work contract period and do not have an immediate subsequent H-2A employer, the employer will pay the worker for the reasonable costs incurred by the worker for outbound return transportation and daily subsistence en route. 20 C.F.R. §655.122(h)(2).

**Defendant's application for temporary labor certification
and its recruitment of Plaintiffs**

14. Because of the lack of available eligible workers in the U.S., and in order to import foreign workers to hand-pick and field pack blackberries during the 2016 and 2017 harvests, Landa Investments submitted to the DOL's Office of Foreign Labor Certification ("OFLC") applications for temporary labor certification. Accompanying each temporary labor certification application was a clearance order containing the terms for the job.

15. Landa Investment's clearance order for the 2016 harvest season promised workers a minimum of $10.59, the AEWR, for each hour worked.

5

16. The clearance order for the 2016 harvest season promised workers employment from approximately May 23, 2016 through July 22, 2016.

17. Landa Investment's clearance order for the 2017 harvest season promised workers a minimum of $10.62, the AEWR, for each hour worked.

18. The clearance order for the 2017 harvest season promised workers employment from approximately May 20, 2017 through July 21, 2017.

19. The OFLC approved Defendant Landa Investment's applications for labor certification to employ foreign workers during the 2016 and 2017 harvest seasons.

20. Defendant Landa Investments and Jose Landa recruited Plaintiffs and their co-workers in Jalisco, Mexico to fill the positions as described in its 2016 and 2017 clearance orders. Each of the four Plaintiffs were recruited and employed by Defendants in 2016 and all Plaintiffs except Jhonata Gabriel Rodriguez Morales were recruited and employed by Defendants in 2017.

21. After being recruited by Defendants Landa Investments and Jose Landa, Plaintiffs and their co-workers traveled from their respective hometowns to Monterrey, Nuevo Leon, where they were interviewed at the U.S. Consulate and subsequently issued their H-2A visas.

22. Plaintiffs incurred and paid expenses in conjunction with obtaining H-2A agricultural visas for work with Defendant Landa Investments during the 2016 and 2017 harvests. These expenses included transportation from their homes in Jalisco to Monterrey, visa application fees in the amount of approximately $190.00 per season, expenses for lodging in Monterrey during the time they waited for their visa applications were processed, and a $6.00 fee paid at the U.S./Mexico border for issuance of an arrival/departure document referred to as Form I-94.

23. The expenses paid by Plaintiffs as described in Paragraph 22 were incurred primarily for the benefit and convenience of Defendants Landa Investments and Jose Landa, within the meaning of the regulations implementing the FLSA, 29 C.F.R. §531.3(d)(1).

### Defendants' employment of Plaintiffs during the
### 2016 and 2017 harvest seasons

24. Defendants Landa Investments and Jose Landa employed all four Plaintiffs during the 2016 blackberry season from approximately May 23, 2016 through July 22, 2016.

25. Defendants Landa Investments and Jose Landa employed Plaintiffs Veronica N. Villa Avalos, Gerardo Castellanos Garcia, and Laura R. Castellanos Garcia during the 2017 blackberry season from approximately May 20, 2017 through July 21, 2017.

26. The job orders served as the work contracts served as the work contracts between Defendants Landa Investments and Jose Landa and the H-2A workers, including Plaintiffs, pursuant to 20 C.F.R. §655.122(q). Defendant Landa Investments' job orders governed the employment between Defendants and its H-2A agricultural workers, including Plaintiffs.

27. Defendants Landa Investments, LLC and Jose Landa failed to fully reimburse Plaintiffs during their first workweek of employment during the 2016 and 2017 blackberry harvest seasons, for their pre-employment inbound transportation and subsistence expenses as described in Paragraph 22.

28. As a result of Defendants' failure to reimburse Plaintiffs and their co-workers during their initial workweek of employment for the pre-employment expenses described in Paragraph 22, Plaintiffs and their other co-workers' earnings fell below the FLSA minimum wage for this workweek.

29. As a result of Defendant Landa Investments' failure to reimburse Plaintiffs and their co-workers during their initial workweek of employment for the pre-employment expenses described in Paragraph 22, Plaintiffs' wages fell below the applicable AEWR for this workweek.

30. Plaintiffs and their co-workers were entitled to be compensated at the AEWR of $10.59 and $10.62 per hour during the 2016 and 2017 harvest seasons, respectively.

31. Defendants Landa Investments, LLC and Jose Landa failed to accurately record the number of hours worked by Plaintiff on any given day. As a result of this under-reporting in its payroll records, Defendants Landa Investments, LLC and Jose Landa failed to compensate Plaintiffs for all hours worked each workweek.

32. While Defendants Landa Investments, LLC and Jose Landa furnished Plaintiffs and their co-workers with hours and earnings statements each pay day, these statements did not include the actual number of hours worked.  Instead, these wage statements contained the under-reported hours worked as reflected on Defendants' payroll records as described in Paragraph 31.

33.  As a result of the actions of Defendants Landa Investments, LLC and Jose Landa as described in Paragraphs 29 and 31, Plaintiffs and their co-workers received less than the AEWR for their employment in the 2016 and/or 2017 blackberry harvesting seasons. Because of these same unlawful practices, the Plaintiffs' earnings fell below $7.25 per hour during their first week of work and at other times during the 2016 and 2017 blackberry harvests.

34. Despite its contractual promise that the housing provided them would meet applicable federal standards, the quarters provided to Plaintiffs by Defendants failed to meet those standards.

35. In 2017, Defendants Landa Investments, LLC and Jose Landa provided Plaintiffs Veronica N. Villa Avalos, Gerardo Castellanos Garcia, and Laura R. Castellanos Garcia with

accommodations at 514 Buscombe Street in Woodruff. The housing was overcrowded, housing 11 women, and contained a single bathroom. The bathroom had holes in the walls and the house was generally unsecured. The door locks were not in working condition and were not repaired or replaced after multiple complaints from Plaintiffs. Because of the lack of locks, the housing was susceptible to break-ins. Because of the lack of functioning door locks, this house was broken into and Plaintiffs' belongings stolen.

36. Despite its contractual promise of free housing, Defendants Landa Investments, LLC and Jose Landa on occasion charged Plaintiffs for the bedding in their quarters.

37. At the conclusion of the 2017 blackberry harvest, Defendants Landa Investments, LLC and Jose Landa failed to pay Plaintiffs Veronica N. Villa Avalos, Gerardo Castellanos Garcia, and Laura R. Castellanos Garcia for their reasonable costs incurred for outbound return transportation and daily subsistence en route.

## CLAIMS FOR RELIEF

## COUNT I

## FAIR LABOR STANDARDS ACT, 29 U.S.C. §206 (a)

38. Plaintiffs bring this claim for violations Plaintiffs bring this claim for violations of the minimum wage provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, by Defendants Landa Investments. LLC and Jose Landa.

39. Defendants Landa Investments and Jose Landa violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206 (a), by failing to pay Plaintiffs at least $7.25 for every compensable hour in each workweek during which they were employed by Defendants Landa Investments, LLC and Jose Landa.

40.  The violations of the minimum wage provisions of the FLSA as set out in Paragraph 39 resulted in part from the failure of Defendants Landa Investments, LLC and Jose Landa to reimburse Plaintiffs during their first week of employment for expenses incurred primarily for the benefit of Defendants Landa Investments, LLC and Jose Landa, including Plaintiffs' pre-employment expenses described in Paragraph 22.

41. The violations of the minimum wage provisions of the FLSA as set out in Paragraph 39 also resulted in part from Defendants' practice of underreporting the hours worked by Plaintiffs, as described in Paragraph 31.

42. As a consequence of the violations of the FLSA by Landa Investments, LLC and Jose Landa as set out in this count, each Plaintiff is entitled to recover his or her unpaid minimum wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. §216(b).

## COUNT II

## BREACH OF CONTRACT

43. This count sets forth a claim by Plaintiffs against Defendants Landa Investments, LLC and Jose Landa for their contractual breaches resulting from its violations of the regulations governing the temporary agricultural worker (H-2A) program during the 2016 and 2017 blackberry harvest seasons.

44. Despite providing assurances in their employment contracts with Plaintiffs that they would comply with the regulations governing the H-2A program, Defendants Landa Investments and Jose Landa nonetheless violated these regulations during the 2016 and 2017 blackberry harvest seasons, thereby breaching theirs employment contracts with Plaintiffs, as embodied in Defendants' job orders. Among other things:

10

a. Landa Investments and Jose Landa violated the Fair Labor Standards Act (FLSA) by failing to reimburse Plaintiffs during their first week of employment for expenses they incurred, which primarily benefited Defendants, to the extent that these pre-employment expenses brought Plaintiffs' individual first week's wages below the FLSA minimum wage. Among these expenses were those described in Paragraph 22;

b. Landa Investments and Jose Landa failed to pay Plaintiffs wages during each work week at an hourly rate at least equal to the AEWR ($10.59 per hour in 2016 and $10.62 per hour in 2017) for each hour worked, as described in Paragraphs 29 and 31;

c. Landa Investments and Jose Landa failed to keep accurate and adequate payroll records with respect to the work of Plaintiffs, as set out in Paragraph 31;

d. Landa Investments and Jose Landa failed to furnish Plaintiffs with earnings statements showing, *inter alia,* the actual number of hours worked, as described in Paragraph 31;

e. Landa Investments and Jose Landa failed to provided Plaintiffs housing in compliance with applicable Federal regulations;

f. Landa Investments and Jose Landa failed to provide Plaintiffs with housing at no charge, instead charging Plaintiffs for bedding; and

g. At the conclusion of the 2017 blackberry harvest, Defendants Landa Investments and Jose Landa failed to pay Plaintiffs Veronica N. Villa Avalos, Gerardo Castellanos Garcia, and Laura R. Castellanos Garcia for their reasonable costs incurred for outbound return transportation and daily subsistence en route.

45. As a direct consequence of Defendants' breaches of their employment contracts with Plaintiffs as set out in this count, Plaintiffs have suffered economic injury.

11

## COUNT III

### SOUTH CAROLINA WAGE PAYMENT ACT,
### S.C. Code §41-10-10, *et seq.*

46. This count sets forth a claim by Plaintiffs against Defendants Landa Investments and Jose Landa for their violations of the South Carolina Wage Payment Act, S.C. Code §41-10-40.

47. Defendants Landa Investments and Joe Landa willfully failed to pay Plaintiffs wages as required by S.C. Code §41-10-40, during their employment.

48. The violations of S.C. Code §41-10-40 resulted, in part, from the failure of Defendants Landa Investments and Jose Landa to reimburse Plaintiffs during their initial week of employment, for pre-employment expenses incurred primarily for Defendant Landa Investments' benefit, as set out in Paragraphs 22 and 28.

49. The violations of S.C. Code §41-10-40 also resulted, in part, from the underreporting by Defendants Landa Investments and Jose Landa of the actual hours worked each week by each of the Plaintiffs throughout their employment, as set out in Paragraph 31.

50. As a result of the violations of S.C. Code §41-10-40 by Defendants Landa Investments and Jose Landa, Plaintiffs suffered actual damages. Pursuant to S.C. Code §41-10-80, Plaintiffs therefore are entitled to recover an amount equal to three times the full amount of unpaid wages, plus a reasonable attorney's fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter an order:

a. Granting judgment in favor of Plaintiffs and against Defendants Landa Investments and Jose Landa, jointly and severally, on their FLSA claims as set forth in Count I, and awarding each of them the amount of his or her unpaid minimum wages and an equal amount as liquidated damages;

b.  Granting judgment in favor of Plaintiffs and against Defendants Landa Investments and Jose Landa, jointly and severally, on their contract claims as set forth in Count II and awarding each Plaintiff this or her actual and compensatory damages;

c.  Granting judgment in favor of Plaintiffs and against Defendants Landa Investments and Jose Landa, jointly and severally on their claims for violations of the South Carolina Wage Payment Act , as set forth in Count III and granting each Plaintiff treble damages for each violation of S.C. Code §41-10-40, pursuant to S.C. Code §41-10-80 (C);

d.  Awarding Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. § 216 (b) and S.C. Code § 41-10-80 (C);

e.  Awarding Plaintiffs the costs of this action; and

f.  Granting such further relief as this Court deems just and appropriate.

Respectfully Submitted,

*/s/ Karla Martinez*
Karla Martinez
Fed. ID No.: 12657
SOUTH CAROLINA LEGAL
    SERVICES
MIGRANT UNIT
2803 Carner Avenue
North Charleston, SC 29405
Tel:    (843) 266-2168
Fax:    (843) 760-1090
e-mail: karlamartinez@sclegal.org

*Attorney for Plaintiffs*

13